



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

**UNITED STATES OF AMERICA**

v.

**ADAM WEITSMAN,**

        **Defendant.**

---

**INDICTMENT**

Criminal No. 03:03-CR-317 (TJM)
(TJM)

VIO:  18 U.S.C. § 1344(1)  (1 Count)
       18 U.S.C. § 1957    (85 Counts)
       18 U.S.C. § 1014    (1 Count)

**THE GRAND JURY CHARGES:**

**INTRODUCTION**

**1. At all times material to this Indictment:**

(a) BSB Bank & Trust ("BSB"), located at 58-68 Main Street, Binghamton, New York, was a financial institution the deposits of which were insured by the Federal Deposit Insurance Corporation.

(b) Community Bank N.A. ("CBNA"), which maintained a branch office located at 50 West Main Street, Owego, New York, was a financial institution the deposits of which were insured by

the Federal Deposit Insurance Corporation.

(c) Defendant Adam Weitsman was an owner and operator of Upstate Shredding LLC, a metal recycling business located at 1 Recycle Drive, Owego, New York.

(d) Defendant Adam Weitsman was an operator of Ben Weitsman & Son Inc., a scrap metal salvage business located at 15 West Main Street, Owego, New York.

(e) Defendant Adam Weitsman was an owner and operator of Pro Gas Welding Supply Inc., a propane gas welding supply business located at 2801 Old Vestal Road, Vestal, New York.

(f) Defendant Adam Weitsman maintained and exercised control over the following business checking accounts at BSB Bank & Trust and Community Bank N.A.:

| **BANK** | **NAME OF ACCOUNT** | **ACCOUNT NUMBER** |
| --- | --- | --- |
| BSB Bank & Trust | Upstate Shredding | 340070745 |
| BSB Bank & Trust | Pro Gas Welding & Supply | 340070813 |
| Community Bank N.A. | Ben Weitsman & Son | 616003731 |

(g) Defendant Adam Weitsman maintained and exercised control over the following personal checking accounts at BSB Bank & Trust and Community Bank N.A.:

| **BANK** | **NAME OF ACCOUNT** | **ACCOUNT NUMBER** |
| --- | --- | --- |
| BSB Bank & Trust | Adam Weitsman | 361281348 |
| Community Bank N.A. | Adam Weitsman Real Estate | 616004994 |

(h) Defendant Adam Weitsman conducted and caused to be conducted withdrawal/deposit transactions on the accounts listed in subparagraphs (f) and (g).

(i) Defendant Adam Weitsman was aware of the non-existence of legitimate funds to cover the withdrawal/deposit transactions on the accounts listed in subparagraphs (f) and (g).

(j) Defendant Adam Weitsman maintained and controlled investment account #431-066072 at the investment firm of Morgan Stanley Dean Witter, which operates a branch office at the Metrocenter, 49 Court Street, Binghamton, New York.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 1

2. The introduction set forth in paragraph 1 is incorporated and realleged as though fully set forth in this Count.

3. Between in or about June of 1998 and continuing through on or about August 12, 1999, in the Northern District of New York, the defendant,

**Adam Weitsman,**

did knowingly execute and attempt to execute a scheme and artifice to defraud BSB Bank & Trust, and Community Bank N.A., to wit: the defendant engaged in unlawful conduct commonly known as "check kiting" by creating fictitious, artificially inflated balances in commercial business checking accounts at the above-named federally insured financial institutions, which caused the banks to honor checks drawn against accounts with insufficient funds.

### The Scheme and Artifice to Defraud

4. A check kite occurs when an individual makes a series of cross-deposits of insufficient funds checks between two or more accounts, creating an artificial impression to the bank that a stream of legitimate funds are being deposited. This apparent stream of legitimate funds undermines the bank's expectation that the deposited funds are legitimate, thereby tricking the bank into releasing funds supported by artificially inflated balances.

5. It was part of the scheme and artifice to defraud that during the time period between in or about June of 1998 through on or about August 12, 1999, defendant Adam Weitsman caused approximately 3,800 checks to be cross-deposited between the Upstate Shredding LLC, Ben Weitsman & Son Inc., and Pro Gas Welding Supply Inc. business checking accounts. When these checks were cross-deposited between the Upstate Shredding LLC, Ben Weitsman & Son Inc., and Pro Gas Welding Supply Inc. business checking accounts, defendant Adam Weitsman knew there were insufficient legitimate funds available to properly cover the checks when they were deposited and

later presented for payment. The cross-deposits were conducted by Weitsman in such a manner, and at such times, so as to artificially and fraudulently inflate the numerical balances in the Upstate Shredding LLC, Ben Weitsman & Son Inc., and Pro Gas Welding Supply Inc. business checking accounts, to disguise the actual balance in the accounts, to create an artificial impression that a stream of legitimate funds were being deposited into the accounts, and to trick the banks into honoring checks drawn against accounts with insufficient funds. The total amount of checks written during the defendant's scheme exceeded one billion dollars, which caused the actual balances in the accounts to be concealed on a daily basis. The daily risk of loss to the banks at times exceeded $7 million dollars, and caused an actual loss to Community Bank N.A. of approximately $2 million dollars.

**6.** It was further part of the scheme and artifice to defraud that the defendant, relying upon the artificially and fraudulently inflated numerical balances created in the business checking accounts of Upstate Shredding LLC at BSB Bank & Trust and Ben Weitsman & Son Inc. at Community Bank N.A., withdrew and caused to be withdrawn funds from these accounts and deposited these funds into the Adam Weitsman personal checking account located at BSB Bank & Trust, and into the Adam Weitsman Real Estate account located at Community Bank N.A.

**7.** It was further part of the scheme and artifice to defraud that the defendant used fraudulently obtained funds by means of his check kiting scheme for his own personal benefit.

**8.** The defendant used approximately $13 million of the fraudulently and artificially inflated funds obtained by means of his check kiting scheme to make investments in the stock market through the defendant's investment account at Morgan Stanley Dean Witter. The defendant, by means of the approximately $13 million fraudulently obtained through his check kiting scheme, personally gained over $7 million in net profit from investments in the stock market.

**All in violation of Title 18, United States Code, Section 1344(1).**

## THE GRAND JURY FURTHER CHARGES:

### COUNTS 2 through 86

On or about the following dates, in the Northern District of New York, the defendant,

### Adam Weitsman,

did knowingly engage or attempt to engage in monetary transactions by, through, and to financial institutions which were federally insured, affecting interstate or foreign commerce, in criminally derived property of value greater than $10,000, that is, the withdrawal, transfer and exchange of U.S. funds and currency from the financial institutions [BSB Bank & Trust ("BSB") and Community Bank N.A. ("CBNA")] and corresponding accounts [Adam Weitsman personal checking account ("AW"), Adam Weitsman Real Estate Account ("AWRE"), Ben Weitsman & Son ("BWS") and Upstate Shredding ("UPS")] identified below, and in the amounts of U.S. funds and currency identified below, such property having been derived from a specified unlawful activity, that is bank fraud, in violation of Title 18, United States Code, Section 1344(1), and as set forth under Count 1 of the Indictment.

| Count | Date Check Cleared | Institution | Account Name | Check No. | Amount | Payee |
|---|---|---|---|---|---|---|
| 2 | 10/02/98 | CBNA | AWRE | 1418 | $737,000.00 | Dean Witter |
| 3 | 10/23/98 | CBNA | AWRE | 1441 | 750,035.58 | Dean Witter |
| 4 | 11/04/98 | CBNA | AWRE | 1458 | 336,947.00 | Dean Witter |
| 5 | 11/19/98 | CBNA | AWRE | 1463 | 742,951.00 | Dean Witter |
| 6 | 11/25/98 | CBNA | AWRE | 1471 | 542,635.00 | Dean Witter |
| 7 | 11/25/98 | CBNA | AWRE | 1472 | 601,233.00 | Dean Witter |
| 8 | 11/25/98 | CBNA | AWRE | 1473 | 438,832.00 | Dean Witter |
| 9 | 12/03/98 | CBNA | AWRE | 1479 | 161,080.22 | Dean Witter |

| Count | Date Check Cleared | Institution | Account Name | Check No. | Amount | Payee |
|---|---|---|---|---|---|---|
| 10 | 12/14/98 | CBNA | AWRE | 1489 | $121,349.00 | Dean Witter |
| 11 | 01/06/99 | CBNA | AWRE | 1511 | 3,212,943.00 | Dean Witter |
| 12 | 01/07/99 | CBNA | AWRE | 1516 | 162,911.00 | Dean Witter |
| 13 | 03/15/99 | CBNA | AWRE | 1595 | 226,511.00 | Dean Witter |
| 14 | 03/30/99 | CBNA | AWRE | 1608 | 556,130.00 | Dean Witter |
| 15 | 04/15/99 | CBNA | AWRE | 1628 | 1,930,627.00 | Dean Witter |
| 16 | 04/27/99 | BSB | AW | 12 | 1,135,574.00 | Dean Witter |
| 17 | 05/03/99 | BSB | AW | 26 | 115,287.00 | Dean Witter |
| 18 | 05/04/99 | BSB | AW | 28 | 167,424.00 | Dean Witter |
| 19 | 05/05/99 | BSB | AW | 29 | 67,315.00 | Dean Witter |
| 20 | 05/10/99 | BSB | AW | 33 | 128,659.00 | Dean Witter |
| 21 | 05/10/99 | BSB | AW | 34 | 114,118.00 | Dean Witter |
| 22 | 05/19/99 | BSB | AW | 303 | 26,336.00 | Dean Witter |
| 23 | 05/20/99 | BSB | AW | 309 | 92,404.00 | Dean Witter |
| 24 | 05/26/99 | BSB | AW | 314 | 76,736.90 | Dean Witter |
| 25 | 05/26/99 | BSB | AW | 322 | 24,919.00 | Dean Witter |
| 26 | 05/28/99 | BSB | AW | 324 | 19,000.00 | Dean Witter |
| 27 | 06/01/99 | BSB | AW | 326 | 161,186.00 | Dean Witter |
| 28 | 06/03/99 | BSB | AW | 329 | 49,100.00 | Dean Witter |
| 29 | 07/22/99 | BSB | AW | 372 | 40,688.00 | Dean Witter |

| Count | Date Check Cleared | Institution | Account Name | Check No. | Amount | Payee |
|---|---|---|---|---|---|---|
| 30 | 07/29/99 | BSB | AW | 388 | $49,982.54 | Dean Witter |
| 31 | 08/04/99 | BSB | AW | 399 | 91,136.10 | Dean Witter |
| 32 | 08/05/99 | BSB | AW | 400 | 32,000.00 | Dean Witter |
| 33 | 08/10/99 | CBNA | AW | 1641 | 334,747.21 | Dean Witter |
| 34 | 10/26/98 | BSB | UPS | 2220 | 12,000.00 | Get Real Surfaces |
| 35 | 01/05/99 | BSB | UPS | 2763 | 13,762.50 | Good Earth Landscaping |
| 36 | 09/14/98 | CBNA | AWRE | 1396 | 17,929.17 | Ross Carter |
| 37 | 11/18/98 | CBNA | AWRE | 1461 | 11,431.73 | Ross Carter |
| 38 | 06/09/99 | BSB | AW | 330 | 18,164.16 | Ross Carter |
| 39 | 02/18/99 | CBNA | AWRE | 1555 | 123,000.00 | Stuart J. Stein Esq. |
| 40 | 04/29/99 | BSB | AW | Bank Check | 607,037.83 | Cary Loring |
| 41 | 04/29/99 | BSB | AW | Bank Check | 18,188.00 | Electronic Land Services Inc. |
| 42 | 04/29/99 | BSB | AW | Bank Check | 413,862.17 | Home Savings of America FSB |
| 43 | 04/29/99 | BSB | AW | Bank Check | 12,300.00 | Riverbank South Owners Corp |
| 44 | 04/29/99 | BSB | AW | Bank Check | 73,800.00 | Sopher Realty |
| 45 | 06/24/99 | BSB | AW | 343 | 68,500.00 | Christie's |

| Count | Date Check Cleared | Institution | Account Name | Check No. | Amount | Payee |
|---|---|---|---|---|---|---|
| 46 | 07/12/99 | BSB | AW | 360 | $51,750.00 | Christie's |
| 47 | 03/11/99 | CBNA | AWRE | 1593 | 14,835.00 | Acoustic Images |
| 48 | 02/01/99 | CBNA | AWRE | 1544 | 13,000.00 | AdKen Development |
| 49 | 02/03/99 | CBNA | BWS | 18710 | 29,219.60 | AdKen Development |
| 50 | 03/10/99 | CBNA | AWRE | 1591 | 27,830.08 | AdKen Development |
| 51 | 04/05/99 | CBNA | AWRE | 1616 | 18,500.00 | AdKen Development |
| 52 | 06/18/99 | BSB | AW | 348 | 15,660.00 | AdKen Development |
| 53 | 08/28/98 | CBNA | AWRE | 1383 | 10,723.02 | American Express |
| 54 | 11/30/98 | CBNA | AWRE | 1470 | 13,677.19 | American Express |
| 55 | 12/30/98 | CBNA | AWRE | 1498 | 41,380.24 | American Express |
| 56 | 02/01/99 | CBNA | AWRE | 1542 | 19,368.36 | American Express |
| 57 | 04/05/99 | CBNA | AWRE | 1615 | 17,338.26 | American Express |
| 58 | 07/12/99 | BSB | AW | 361 | 18,619.65 | Art Net Worldwide Corporation |

| Count | Date Check Cleared | Institution | Account Name | Check No. | Amount | Payee |
|---|---|---|---|---|---|---|
| 59 | 09/14/98 | CBNA | BWS | 15622 | $13,000.00 | Binghamton Artco |
| 60 | 10/30/98 | CBNA | BWS | 16597 | 10,600.00 | Binghamton Artco |
| 61 | 01/27/99 | CBNA | BWS | 18585 | 19,500.00 | Binghamton Artco |
| 62 | 10/13/98 | CBNA | BWS | 16274 | 16,680.00 | Cash |
| 63 | 10/20/98 | CBNA | BWS | 16437 | 13,380.00 | Cash |
| 64 | 05/11/99 | CBNA | AWRE | 1633 | 18,487.15 | Ithaca Recreation Sports |
| 65 | 10/13/98 | CBNA | AWRE | 1425 | 20,000.00 | Ken Howe |
| 66 | 10/14/98 | CBNA | AWRE | 1429 | 32,160.00 | Ken Howe |
| 67 | 04/21/99 | CBNA | AWRE | 1629 | 132,566.00 | NYS Income Tax |
| 68 | 08/11/98 | CBNA | BWS | 14986 | 20,000.00 | Owego Fairgrounds |
| 69 | 09/02/98 | CBNA | BWS | 15410 | 38,000.00 | Owego Fairgrounds |
| 70 | 09/11/98 | CBNA | BWS | 15544 | 21,500.00 | Owego Fairgrounds |
| 71 | 10/01/98 | CBNA | BWS | 16006 | 38,750.00 | Owego Fairgrounds |
| 72 | 10/07/98 | CBNA | BWS | 16109 | 737,000.00 | Owego Fairgrounds |
| 73 | 10/07/98 | CBNA | BWS | 16115 | 51,000.00 | Owego Fairgrounds |

| Count | Date Check Cleared | Institution | Account Name | Check No. | Amount | Payee |
|---|---|---|---|---|---|---|
| 74 | 10/13/98 | CBNA | BWS | 16195 | $25,500.00 | Owego Fairgrounds |
| 75 | 11/10/98 | CBNA | BWS | 16828 | 20,000.00 | Owego Fairgrounds |
| 76 | 11/24/98 | CBNA | BWS | 17113 | 28,000.00 | Owego Fairgrounds |
| 77 | 12/09/98 | CBNA | BWS | 17509 | 21,000.00 | Owego Fairgrounds |
| 78 | 01/08/99 | CBNA | BWS | 18219 | 17,000.00 | Owego Fairgrounds |
| 79 | 01/12/99 | CBNA | BWS | 18260 | 32,000.00 | Owego Fairgrounds |
| 80 | 02/17/99 | CBNA | BWS | 18945 | 41,000.00 | Owego Fairgrounds |
| 81 | 03/18/99 | CBNA | BWS | 19506 | 26,000.00 | Owego Fairgrounds |
| 82 | 04/19/99 | CBNA | BWS | 20070 | 14,000.00 | Owego Fairgrounds |
| 83 | 03/05/99 | CBNA | AWRE | 1580 | 13,000.00 | Pace Prints |
| 84 | 06/30/99 | CBNA | BWS | 21399 | 19,000.00 | Susquehanna Development |
| 85 | 02/18/99 | CBNA | AWRE | 1563 | 17,500.00 | The American Folk Art Gallery |
| 86 | 04/23/99 | CBNA | AWRE | 1631 | 705,848.00 | United States Treasury |

**All in violation of Title 18, United States Code, Section 1957.**

## THE GRAND JURY FURTHER CHARGES:

### COUNT 87

On or about September 23, 1999, in the Northern District of New York, the defendant,

**Adam Weitsman,**

knowingly made a false statement for the purpose of influencing the action of BSB Bank & Trust, a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with the renewal of an $800,000 bridge loan first provided to the defendant by BSB Bank & Trust on or about August 4, 1999. In particular, BSB Bank & Trust received a letter of commitment indicating that the defendant was approved for an $800,000 Chase Home Equity Line of Credit by Chase Manhattan Bank. Defendant stated to BSB Bank & Trust that once the $800,000 Chase Home Equity Line of Credit closed, it would be used to pay off the bridge loan in full. As a result, the term of the original $800,000 bridge loan was limited to the period of time until the defendant closed on the Chase Home Equity Line of Credit. However, the defendant applied for a renewal of the bridge loan on September 23, 1999 and falsely stated to BSB Bank & Trust that he had not obtained an $800,000 Chase Bank Home Equity Line of Credit when, in truth and fact, the defendant received the $800,000 Chase Home Equity Line of Credit on or about August 20, 1999.

**All in violation of Title 18, United States Code, Section 1014.**

## FORFEITURE ALLEGATION

As a result of committing bank fraud in violation of Title 18, United States Code, Section 1344(1), as alleged in Count 1 of this Indictment, the defendant, **Adam Weitsman**, shall forfeit to the United States pursuant to 18 U.S.C. § 982, all property, real and personal, involved in such offense or any property traceable to such property, including, but not limited to, the following:

A.   **MONEY JUDGMENT**

A sum of money equal to $7,291,040.66 in United States currency, representing the amount of proceeds obtained as a result of the bank fraud offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States pursuant to 21 U.S.C. § 853(p), incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeiture money judgment.

**All in violation of Title 18, United States Code, Section 982.**

A TRUE BILL

Dated: August 6th, 2003

_____
FOREPERSON OF THE GRAND JURY

GLENN T. SUDDABY
United States Attorney
Northern District of New York

Dated: August 6th, 2003                By: _____
Thomas P. Walsh
Assistant U.S. Attorney
Bar Roll No. 102777